UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIGITAL GENERATION, INC.,

        Petitioner,

v.

                                                    Case No. 12-15271
STEVEN A. BORING,                   Honorable Julian Abele Cook, Jr.

        Respondent.

ORDER

In this case, the Plaintiff, Digital Generation, Inc. ("Digital Generation"), brought suit against the Defendant, Steven Boring ("Boring"), to confirm an arbitral award. Currently pending before the Court are Boring's objections to a report and recommendation.

I.

On December 3, 2012, Digital Generation filed a motion to confirm an arbitral award. On January 14, 2013, Boring filed a motion to vacate the arbitral award. The motions were referred to Magistrate Judge Michelson for a report and recommendation. Following a hearing, Magistrate Judge Michelson issued a report and recommendation granting Digital Generation's motion to confirm the award and denying Boring's request to vacate the award. In particular, Magistrate Judge Michelson found that: (1) the arbitrator did not manifestly disregard Texas law, and (2) the arbitrator was not partial to Digital Generation.

There are no objections regarding the facts as determined by Magistrate Judge Michelson, so they will be adopted in their entirety. In brief summary, Boring left his job with Digital

Generation and began working for one of Digital Generation's competitors. Under Boring's employment agreement with Digital Generation, he agreed that for one year following his employment with Digital Generation, he would not solicit Digital Generation customers that he had worked with during his final two years of employment. Boring also agreed not to solicit Digital Generation employees for a year following his employment with Digital Generation. Finally, the agreement provided that all disputes would be governed by Texas law and would be settled by binding arbitration. Digital Generation later discovered that Boring acted in breach of his employment agreement. The dispute was settled through a three-day arbitration hearing, at the conclusion of which the arbitrator awarded Digital Generation $3,543,334.

## II.

A district court judge reviews de novo the portions of the report and recommendation to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Objections must be timely to be considered. A party who receives notice of the need to timely object yet fails to do so is deemed to waive review of the district court's order adopting the magistrate judge's recommendations. *Mattox v. City of Forest Park*, 183 F.3d 515, 519–20 (6th Cir.1999). "[A] party must file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local,* 231, 829 F.2d 1370, 1373 (6th Cir.1987).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal

quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

Specific objections enable the Court to focus on the particular issues in contention. *Howard*, 932 F.2d at 509. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.* " '[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error" are too summary in nature. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995)).

III.

At the outset, the Court notes that Boring has filed a motion to strike Digital Generation's notice of intervening authority. On June 14, 2013, Digital Generation filed a notice alerting the Court to the Supreme Court's very recent decision in *Oxford Health Plans LLC v. Sutter*, 133 S.Ct. 2064, 2068 (2013). On June 19, 2013, Boring filed a motion to strike this notice. Boring claims that *Oxford* is not relevant and that Digital Generation did not seek leave from the Court before filing its notice. Boring's motion is denied. The parties have an obligation to alert the Court of relevant cases decided after motions are otherwise fully briefed. The notice did not improperly include argument; it simply alerted the Court to a recent and relevant Supreme Court opinion.

First, Boring contends that Magistrate Judge Michelson erred in her finding that the

3

arbitrator did not act in manifest disregard of Texas law regarding the calculation of lost profits. A party seeking to overrule an arbitrator's decision carries a heavy burden. *Oxford Health Plans LLC v. Sutter*, 133 S.Ct. 2064, 2068 (2013). It is not enough to show that the arbitrator made a mistake, or even a serious mistake. *Id*. "[A]n arbitral decision even arguably construing or applying the contract must stand, regardless of a court's view of its (de)merits." *Id*. (internal quotations omitted). Boring relies on a Texas Supreme Court case which states that the correct measure of damages is lost net profit, not gross profits. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 n.1 (Tex. 1992). Boring argues that the arbitrator manifestly disregarded Texas law in awarding lost gross profits to Digital Generation. The arbitrator and Magistrate Judge Michelson found that there is an exception in Texas law that allows parties to recover lost gross profits when there was no opportunity to otherwise decrease their costs. See, e.g. *Springs Window Fashions Div., Inc. v. Blind Maker, Inc.,* 184 S.W.3d 840, 850-51, 60 (Tex. App. 2006); *Methodist Hospitals of Dallas v. Corporate Communicators, Inc*., No. 05-92-091922-CV, 1993 WL 189894 (Tex. App. May 28, 1993). This is a correct interpretation of Boring's employment contract and of the holding in *Holt*. 835 S.W.2d 80. Magistrate Judge Michelson appropriately explored the relevant authority cited by Boring and then quoted multiple Texas authorities recognizing that all expenses need not be deducted in certain instances. Magistrate Judge Michelson's analysis is not in manifest disregard of Texas law.

Boring's second objection contends that Magistrate Judge Michelson erred in her determination that the arbitrator did not manifestly disregard Texas law. The arbitrator awarded Digital Generation on "rate-reduction" damages. Digital Generation reduced its rates to avoid losing certain customers due to Boring's actions. The arbitrator awarded damages to compensate

4

Digital Generation for these rate reductions. Magistrate Judge Michelson noted in her recommendation that the arbitrator heard testimony regarding Digital Generation's reduced rates from multiple witnesses. Boring did not produce contrary evidence and did not cross-examine any of the witnesses regarding rate reductions. As Magistrate Judge Michelson found, Digital Generation proved its rate-reduction damages to a reasonable certainty. Boring has not establish that the Arbitrator acted in manifest disregard of Texas law.

For the reasons stated above, this Court hereby adopts the Report and Recommendation in full. (ECF 21). Digital Generation's motion to confirm the arbitral award is granted. (ECF 5). Boring's motion to vacate the arbitral award is denied. (ECF 11). Boring's motion to strike is denied. (ECF 26).

IT IS SO ORDERED.


Date: August 20, 2013
s/Julian Abele Cook, Jr.
JULIAN ABELE COOK, JR.
U.S. District Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 20, 2013.

s/ Kay Doaks
Case Manager